Hillsborough, }
  Oct. 3, 1905. }

## DILLON, *Adm'r*, v. HUDSON, PELHAM & SALEM ELECTRIC RAILWAY CO.

In an action for negligently causing death, the earning capacity of the dece-dent may properly be considered in the assessment of damages, although he never engaged in a gainful occupation and probably never would have rendered services which would be requited by pecuniary compensation.

CASE, for negligently causing the death of the plaintiff's intestate, a passenger upon the defendants' railroad. Upon a plea of guilty, the damages were assessed by a jury. Transferred from the January term, 1905, of the superior court by *Chamberlin*, J.

The deceased was the wife of the plaintiff. The defendants excepted to evidence of the value of the deceased's services as housekeeper in the plaintiff's family, which was offered as tending to show her capacity to earn money, and also to so much of the charge to the jury as authorized an assessment of damages on account of the capacity of the deceased to earn money. Other exceptions taken at the trial were abandoned in argument.

*Rice, King & Rice* (of Massachusetts) and *George F. Jackson*, for the plaintiff.

*Samuel W. Emery*, for the defendants.

PARSONS, C. J.  The statute which authorizes the present action for the wrongful killing of a human being limits the damages which may be recovered to $7,000 (P. S., *c.* 191, *s.* 11), and provides (*Ib.*, *s.* 12) that " the mental and physical pain suffered by him in consequence of the injury, the reasonable expenses occasioned to his estate by the injury, the probable duration of his life but for the injury, and his capacity to earn money, may be considered as elements of damage in connection with other elements allowed by law." The rule of the common law which permitted no recovery for causing the death of a human being has been generally abrogated by statutes which prescribe the grounds for which damages may be recovered, which differ so widely in the different statutes that decisions as to the damages recoverable under them would be of little aid if there were doubt as to the meaning of the statute upon which this action is founded. The statute makes the capacity to earn money an element for consideration in assessing the damages. Hence, evidence tending to show such capacity

was competent. Evidence that the deceased never had earned money, and from her station or situation in life probably never would, might be competent upon the question of.capacity to earn, but would not establish its non-existence. Hence, the fact that the deceased never had earned money and probably never would render services which would be requited by a pecuniary compensation, if found from the evidence, would not prevent the jury from finding from other evidence that such capacity existed.

The defendants' contention, that the damage to the deceased's estate because of the cessation of her earning power is dependent upon so many contingencies as to be entirely speculative in character, and that therefore the earning capacity of the intestate could not properly be considered in assessing the damages, might be entitled to serious consideration if this were a common-law action; but the statute which authorizes the action prescribes the elements of damage, among which is the "capacity" of the deceased "to earn money." The language of the statute disposes of the exception. *Carney* v. *Railway*, 72 N. H. 364, 376.

*Exceptions overruled.*

All concurred.